UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | C 08-02380 MHP<br>CR 05-00292 MHP |
| Plaintiff, | **MEMORANDUM & ORDER** |
| v. | Re: Motion to Vacate and Correct Sentence<br>Pursuant to 28 U.S.C. § 2255. |
| ALONSO RODRIGUEZ RAMIREZ | |
| Defendant. | |

BACKGROUND

On May 16, 2005, Alonso Rodriguez Ramirez ("Ramirez") pled guilty to one count of conspiracy to possess cocaine with the intent to distribute, in violation of 21 U.S.C. § 846. Docket No. 28 (Plea Agreement). As a part of his plea agreement, Ramirez acknowledged that absent the plea agreement, he faced a maximum statutory term of imprisonment of forty (40) years. *Id.* ¶ 1. Pursuant to the agreement, however, he agreed that "a reasonable and appropriate" term of imprisonment would fall within a Guidelines range or 70-87 months, upon the court's determination that his criminal history was a Category III, or within a Guidelines range of 84-105 months, upon the court's determination that his criminal history was a Category IV. *Id.* ¶ 9.

Having determined that Ramirez's criminal history placed him in a Category IV, on August 31, 2005, this court issued its Judgment and Commitment order, sentencing Ramirez to a term of 94 months in the custody of the United States Bureau of Prisons. Docket No. 43 (Judgment in a Criminal Case). Ramirez now petitions the court for habeas relief under 28 U.S.C. § 2255 alleging that he is entitled to a post-conviction recalculation of his sentence pursuant to U.S.S.G. § 5K2.19

and because he was denied effective assistance of counsel in assessing whether to accept his plea agreement.

## LEGAL STANDARD

A federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir.1990).

## DISCUSSION

I.  U.S.S.G. § 5K2.19

Ramirez argues that on account of his good behavior post-conviction, he is eligible for a recalculation of his term of imprisonment pursuant to section 5K2.19. First of all, as part of his plea agreement defendant waived his right to appeal his conviction and to "appeal any aspect of my sentence...unless the sentence exceeds the range set forth in paragraph 8 of this agreement." Plea Agreement, Dkt. No. 28, at ¶4. The sentence did not exceed that range. He also agreed not to file "any collateral attack on my conviction or sentence, including a petition under 28 U.S.C. §2255, at any time in the future after I am sentenced, except for a claim that my constitutional right to the effective assistance of counsel was violated." *Id.* at ¶6.

Defendant's effort to seek a "recalculation" under Section 5K2.19 is in violation of this Agreement. Even if the court were to consider his motion defendant's efforts would be in vain. Section 5K2.19 states that "[p]ost-sentencing rehabilitative efforts, even if exceptional, undertaken by a defendant after imposition of a term of imprisonment for the instant offense *are not* an appropriate basis for a downward departure when resentencing the defendant for that offense. (Such

efforts may provide a basis for early termination of supervised release under 18 U.S.C. 3583(e)(1).)" (emphasis added). This section contemplates a resentence usually after a remand on appeal. It also does not contemplate a recalculation of a defendant's criminal history. It contemplates a grounds for downward departure after the correct guideline calculation  For all of these reasons, Ramirez's argument pursuant to section 5K2.19 is without merit and his motion on this grounds is DENIED.

II.     Ineffective Assistance of Counsel

Ramirez was represented by a federal public defender. He argues that his counsel did not leverage Ramirez's status as a deportable alien to negotiate a two-point downward departure in his plea agreement with the government. With such a downward departure, the agreement would have placed Ramirez's violation at a level 23 offense level which, coupled with a Category IV criminal history, would have placed Ramirez within a Guidelines range of 70-87 months. Ramirez contends that had his counsel informed him that he could have leveraged his immigration status as a mitigating factor to negotiate a lower sentence range, he would not have accepted the plea agreement as written.

"To prevail on his ineffective assistance claim, Smith must show that: (1) his trial counsel's performance fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Smith v. Maloney*, 611 F.3d 978 (9th Cir. 2010) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984) (internal quotation marks and citation omitted)).

Firstly, Ramirez is unable to establish that his counsel's decision not to raise Ramirez's status as a deportable alien in his negotiations with the government fell below an objective standard of reasonableness. Ramirez offers no evidence to support the proposition that the government would have seriously considered his status as a mitigating factor instead of as an aggravating factor, for example. The likelihood is that Ramirez's attorney made a strategic decision to exclude Ramirez's status in the negotiations and to accept a significantly decreased sentencing range in lieu of a

3

1  possible 40 years in custody. *See, e.g., United States v. Freeny*, 841 F.2d 1000 (9th Cir. 1988)
2  (finding that a defense attorney's decision to forgo the presentation of mitigating evidence was
3  tactical and reasonable given the fact that the defendant, in exchange for a guilty plea, was subject to
4  a greatly reduced sentence.)

5  In addition, the evidence suggests that Ramirez's counsel's performance was in fact
6  reasonable, as reflected by his decision to move *the court* for a downward departure based on
7  Ramirez's status, rather than negotiate that status into the plea agreement. Indeed, it is well-
8  established that the Guidelines are advisory, and that it is within the district court's discretion to
9  impose sentences "informed by the Guidelines calculation as well as by the other factors set forth in
10 [18 U.S.C.] § 3553(a)." *Unites States v. Plouffe*, 445 F.3d 1126, 1128 (9th Cir. 2005). Moreover,
11 while a plea agreement binds the government in terms of its recommended sentence to the court, it
12 does not similarly bind the court, and the court is free to deviate from any agreed-upon
13 recommendations, with respect to sentencing. Accordingly, Ramirez's counsel moved the court for a
14 downward departure, arguing that the court should sentence Ramirez to a term of 84 months based
15 on several factors, including that after service of his sentence Ramirez would be deported to Mexico
16 and not permitted to return to the Unites States. Docket No. 35 (Defendant's Sentencing
17 Memorandum and Motion for Downward Departure) at 10. A term of 84 months was within the
18 Guidelines range to which Ramirez suggests he was entitled. Given these facts, Ramirez fails to
19 establish that his counsel's performance fell below an objective standard of reasonableness. It is
20 likely that Ramirez's counsel determined that moving the court to consider his deportability, as
21 opposed to negotiating Ramirez's status into the non-binding plea agreement, was the better tactical
22 move. Accordingly, Ramirez fails to establish that his counsel's performance, with respect to his
23 status as a deportable alien, was objectively unreasonable.

24 Secondly, even assuming that petitioner's counsel was unconstitutionally ineffective,
25 petitioner fails to establish any prejudice resulting from his counsel's performance. "In the context
26 of a plea, a petitioner satisfies the prejudice prong of the *Strickland* test where 'there is a reasonable
27 probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted

4

on going to trial.'" *Maloney*, 611 F.3d at 986 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Ramirez contends that he would not have accepted the plea agreement calling for a Guidelines range of 84-105 months if he knew that he could have negotiated a Guidelines range of 70-84 months. This argument is unavailing in light of the fact that if convicted at trial, Ramirez faced a maximum term of 40 years. It is reasonably improbable that Ramirez would have left himself vulnerable to a 480 month sentence instead of accepting the government's promise to seek a term between 84 and 105 months as opposed to one of 70 to 84 months. Accordingly, Ramirez is unable to establish that prejudice resulted from his counsel's performance.

CONCLUSION

Ramirez's motion to vacate and correct sentence pursuant to 28 U.S.C. § 2255 is DENIED.

IT IS SO ORDERED.

Dated: May 24, 2011

MARILYN HALL PATEL
United States District Court Judge
Northern District of California